128 N.J. Super. 193 (1974)
319 A.2d 508
BARBARA GROSSMAN, PLAINTIFF,
v.
MORRIS GROSSMAN, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided April 5, 1974.
*194 Mr. Monroe Ackerman for defendant (Mr. Neil Braun on the brief).
McKENZIE, J.C.C., Temporarily Assigned.
Plaintiff obtained a judgment of divorce from defendant on December 22, 1972. Included therein was an order that defendant pay the sum of $150 a week to the Union County Probation Office: $50 for support of the wife, and $50 allocated to each of the two children of the marriage. Defendant seeks to modify that portion of the order pertaining to alimony, claiming plaintiff is living with another man in the former marital home. The court at a plenary hearing, at which plaintiff failed to appear, found from the evidence that defendant's allegations were sustained by the evidence. Defendant maintains that the cohabitation of his former wife and another man is a change of circumstances entitling him to a cessation of alimony payments.
He relies upon the theory that, in determining the amount of an alimony award, the court should consider not only the needs of the parties and their respective abilities to provide for those needs, but also the interests of the State. See Turi v. Turi, 34 N.J. Super. 313 (App. Div. 1955).
Defendant also urges that under the circumstances it would be unconscionable to enforce the order for alimony payments. He cites Edelman v. Edelman, 124 N.J. Super. *195 198 (Ch. Div. 1973), where a former husband sought modification based on a similar change of circumstances. There, in addition to engaging in a meretricious relationship with another man, it also appears that the wife had substantial income of her own, whereas the husband's income had been reduced to the point where his gross earnings were less than the ordered alimony payments. The court, referring to the difficulty in applying the tests of a substantial change of circumstances and unconscionability under the cases of Schiff v. Schiff, 116 N.J. Super. 546 (App. Div. 1971), certif. den. 60 N.J. 139 (1972), and Berkowitz v. Berkowitz, 55 N.J. 564 (1970), held in Edelman that these factors had been established under the facts in that case, and granted modification in favor of the husband.
Orders of alimony may be revised and altered by the court as circumstances may require. N.J.S.A. 2A:34-23. An alimony award is thus subject to continuing review and its enforcement is within the sound discretion of the court. Martindell v. Martindell, 21 N.J. 341 (1956). In the case at bar defendant alleges changed circumstances as a ground for modification of the original order, in that plaintiff is living with a paramour. He (defendant) does not itemize his expenses or income or recite other economic factors as bearing on the issue. Compare Edelman v. Edelman, supra. In effect, the sole ground for relief is his former wife's relationship with another man. In Suozzo v. Suozzo, 16 N.J. Misc. 475, 1 A.2d 930 (Ch. 1938), the court stated:
A more careful consideration of this subject now leads me to the conclusion that as a matter of law, if not logically, unchastity of a former wife is not a defense to her right to alimony after absolute divorce, nor justification for retracting an award previously made to her under our statute. It is at most a factor that in a proper case may be considered as bearing upon the amount of, and the necessity for the allowance. [at 477]
The rationale for the above rule, adopted in the majority of jurisdictions, is that the wife is not responsible to her former *196 husband for her conduct. See Christiano v. Christiano, 131 Conn. 589 (Sup. Ct. Err. 1945), and cases cited therein.
To the extent, therefore, that defendant would have the court "punish" plaintiff for her misconduct, his position is not well based. Compare Greenberg v. Greenberg, 126 N.J. Super. 96 (Ch. Div. 1974).
The real question before the court is whether defendant has established any other change of circumstances, other than the misconduct of the plaintiff, which would entitle him to relief. Although he presents no figures which in themselves indicate a change in the financial circumstances of the parties, may the court infer from the relationship between plaintiff and another man with whom she is living, that she no longer has need for all or part of the alimony payments awarded to her when she was living alone in the home with the children of the marriage? In Hausman v. Dept. of Institutions and Agencies, 64 N.J. 202 (1974), the court dealt with the statutory computation of the Aid to Dependent Children program. The court held that where a noneligible person comes to reside in the household of the recipient, the welfare board could not reduce its payments on a per capita basis on that fact alone. The court stated:
We think [The State] may validly say that there is a presumption that a non-eligible member of the household is paying his share of the household expenses, thereby permitting the per capita reduction of need and benefits, but that the presumption is rebuttable, with the burden of coming forward and establishing that he is not so paying on the welfare recipient.
The presumption has a reasonable basis. The schedule itself is neutral and does not compel the Division's position that it is irrebuttable, but rather on its face permits an interpretation of rebuttability. Such a view merely shifts the burden of coming forward and of proof to the applicants or recipients who are in possession of the facts, rather than placing it upon the welfare authorities who are comparative strangers to the whole household situation and would otherwise be required to make a full field investigation in every case. [at p. 209]
Alimony, like welfare assistance, is based on the needs of the party. If plaintiff is receiving financial assistance *197 from another man with whom she has commenced living since the alimony award was made, this may well constitute a change of circumstances calling for a modification of the alimony award. This determination usually may be made only from facts within the knowledge of the former wife and her cohabitant. In Hausman the Supreme Court alludes to the problem faced by the welfare authorities in ascertaining such facts in each case, in view of the large number of cases involved. The problem of a former husband in ascertaining such facts from his former wife, while different in substance, is certainly no less formidable. The court holds, therefore, that the former husband is entitled under such circumstances to the benefit of a rebuttable presumption that a new adult member of his former wife's household is contributing to the expenses of that household, thus reducing her needs. Where, as here, the former wife fails to come forward to rebut that presumption and supply the relevant factors, to what degree is the former husband entitled to modification? Clearly, no formula can be devised which can accurately ascertain with any degree of probability the amount contributed by the other party to the necessaries of the wife. Since the problem is created by the failure of the former wife to come forward and reveal any actual facts to the contrary, she cannot be heard to complain if the court assumes that her financial needs are being met in full by the other person unless and until she does so.
The obligation of the defendant to pay alimony to the plaintiff, pursuant to the judgment of divorce, will be suspended until further order of the court.