211 N.J. Super. 189 (1986)
511 A.2d 687
AUDREY SHIFMAN, PLAINTIFF-APPELLANT,
v.
ROBERT SHIFMAN, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 12, 1986.
Decided June 16, 1986.
*191 Before Judges FURMAN, PETRELLA and SKILLMAN.
John E. Finnerty argued the cause for appellant (Effron & Finnerty, attorneys; John E. Finnerty and Dinah H. Bourne on the brief).
Arthur H. Garvin, III, argued the cause for respondent (Kerby, Cooper, Schaul & Garvin, attorneys).
The opinion of the court was delivered by SKILLMAN, J.S.C. (temporarily assigned).
This is an appeal from an order denying a motion to increase alimony from $100 to $300 per week and to make it permanent rather than rehabilitative. We affirm, although our decision rests in part on different grounds than those of the trial court.
The parties were married in 1969. No children were born of the marriage. On March 15, 1983, the parties reached a property settlement agreement, which was incorporated in a judgment of divorce entered on April 30, 1984. This agreement provided for the distribution of various assets, including the marital home, automobiles, a vacation condominium, the defendant's business interests, trust funds and securities. It also provided *192 for the payment by defendant of rehabilitative alimony of $150 per week from March 1983 to March 1985 and of $100 per week from March 1985 to March 1987.
On May 16, 1985, plaintiff moved to increase the amount of alimony and to make such payments permanent. She filed a supporting certification which alleged that her needs had increased since the date of the property settlement agreement. With respect to the rehabilitative nature of her alimony, plaintiff stated that when she entered into the agreement she anticipated being able to obtain employment. However, it later became evident that her various psychiatric problems prevent her from working. A supporting certification from her psychiatrist stated that "Mrs. Shifman is suffering from a dysphoric depressive disorder and in my professional opinion, she probably cannot function in a work environment because of her disorder." Plaintiff also alleged that she suffers from a number of physical maladies which prevent her from working. In an answering certification defendant alleged that plaintiff had exaggerated her needs. He also asserted that she was capable of obtaining employment which would more than cover any deficit between her needs and her income.
The trial court issued a letter opinion on July 15, 1985, which concluded that plaintiff's motion for the modification of alimony should be denied in all respects. Although not expressly stated, it is implicit in the letter opinion, considered in light of the comments made on the record on July 12, 1985, that the trial court concluded that plaintiff had failed to show that there had been a change in circumstances between March 1983 and July 1985 which would justify a modification in the alimony agreed upon by the parties. In addition, the trial court concluded, quoting Avirett v. Avirett, 187 N.J. Super. 380, 386 (Ch.Div. 1982), that settlement agreements providing for rehabilitative alimony "must be afforded greater weight and permanency" than those providing for permanent alimony, and that plaintiff *193 had failed to meet the heavy burden required for modification of voluntary rehabilitative alimony.
Insofar as plaintiff's appeal challenges denial of any increase in alimony, we conclude that the record supports the trial court's finding that plaintiff failed to show changed circumstances between March 1983 and July 1985 which would require such relief. We also conclude that the part of the trial court's order which refused to convert the rehabilitative alimony to permanent alimony should be affirmed, because such relief would be premature. Under the settlement agreement, rehabilitative alimony is scheduled to continue until March 1987, which is almost two years after the motion for modification for alimony was heard and is still almost a year away. We are convinced that a motion to extend the term of alimony payments should not have been entertained until six months before their scheduled termination. In this way the trial court could have determined plaintiff's employability at a time which was reasonably close to when the payment of alimony would expire and hence when plaintiff's alleged need for the continuation of alimony would arise. Furthermore, the trial court could have made a better assessment at that time of the anticipated needs and resources of the parties as of March 1987.
Although we affirm the trial court's order on this basis, it is appropriate for the guidance of counsel and the trial court to comment on the trial court's disposition of plaintiff's motion to convert the award of rehabilitative alimony to permanent alimony. We disagree with the part of the trial court's opinion of July 15, 1985 which stated, relying upon Avirett, supra, that a party seeking modification of rehabilitative alimony must satisfy a higher burden than a party seeking modification of permanent alimony. N.J.S.A. 2A:34-23 authorizes the court to award such alimony "as the circumstances of the parties and the nature of the case shall render fit, reasonable and just" and further provides, without drawing any distinction between permanent *194 and rehabilitative alimony, that such orders "may be revised and altered by the court from time to time as circumstances may require." Furthermore, the leading case dealing with motions for modification of alimony based on "changed circumstances," Lepis v. Lepis, 83 N.J. 139 (1980), does not suggest that such motions should be treated differently depending upon whether they involve permanent or rehabilitative alimony.
We perceive a parallel between the rule of Avirett, which the trial court followed, and the rule of Schiff v. Schiff, 116 N.J. Super. 546 (App.Div. 1971), certif. den. 60 N.J. 139 (1972), which required a greater showing of changed circumstances to be made before a court could modify support obligations established by settlement agreement than those determined through litigation. The Court in Lepis, supra 83 N.J. at 146-149, rejected the Schiff rule, concluding that it discourages settlement of matrimonial cases because "granting a greater degree of permanence to negotiated agreements would tend to make them a riskier arrangement for spouses who are likely to be harmed by changed circumstances." Id. at 148. The Court also pointed out that the terms of any matrimonial settlement agreement "should receive continued enforcement without modification only so long as they remain fair and equitable." Id. at 149.
We find this reasoning equally applicable in the present context. A rule which would make it more difficult to modify rehabilitative than permanent alimony would be an impediment to negotiated rehabilitative alimony provisions. It also would be inconsistent with the basic responsibility of the courts to enforce support agreements without modification only so long as they remain fair and equitable. The basic premise of an award of rehabilitative rather than permanent alimony is an expectation that the supported spouse will be able to obtain *195 employment, or more lucrative employment, at some future date. See Hill v. Hill, 91 N.J. 506, 509-510 (1982); Turner v. Turner, 158 N.J. Super. 313 (Ch.Div. 1978). Therefore, if that expectation is not realized despite reasonable efforts on the part of the supported spouse to obtain employment, this properly may be viewed as a "changed circumstance" which would justify the continuation of alimony beyond the original termination date. See Lepis, supra 83 N.J. at 155; Kulakowski v. Kulakowski, 191 N.J. Super. 609, 613 (Ch.Div. 1982).
The trial court also concluded, quoting from Avirett, supra, that:
Since greater trade-offs and equitable distribution considerations are evoked in a voluntary rehabilitative consideration, it would be virtually impossible  and certainly inequitable  for a court to modify such rehabilitative alimony responsibilities without completely revamping what may be years of equitable distribution divisions. [187 N.J. Super. at 386].
We expressly disapprove of this part of the Avirett opinion. There may of course be trade-offs between the distribution of assets and support obligations in any matrimonial settlement agreement, Lepis, supra 83 N.J. at 153-154. However, there is nothing fundamentally different in this regard between permanent and rehabilitative alimony; in exchange for receiving a larger share of assets, a spouse may agree to limit either the amount or the duration of alimony, or both. Where such trade-offs are shown to have occurred, this may be taken into account along with all other circumstances in determining whether an award of alimony should be modified and, if so, to what extent, see Lepis, supra, at 150-155 but it should not, except in unusual circumstances, provide the occasion for reopening that part of a divorce judgment which provides for the equitable distribution of property.
For the reasons previously stated, the trial court's order denying plaintiff's motion to modify that part of the parties' settlement agreement dealing with alimony is affirmed.