224 N.J. Super. 559 (1988)
540 A.2d 1348
TRACY ANN SMITH, NOW KNOWN AS TRACY ANN DAHL, PLAINTIFF,
v.
MATTHEW PAUL SMITH, DEFENDANT.
Superior Court of New Jersey, Chancery Division Family Part, Middlesex County.
Decided January 19, 1988.
*560 Edward Ramp for plaintiff (Ramp & Renaud, attorneys).
Matthew Smith, defendant, pro se.
EPSTEIN, P.J.F.P.
The sole remaining issue in this post-judgment motion is whether N.J.S.A. 2A:34-25 mandates the termination of rehabilitative alimony upon the remarriage of the recipient *561 spouse.[1] The issue has not been addressed previously by any reported New Jersey decisions.
The parties were married in 1980. Three children were born of the marriage. Prior to the marriage, plaintiff was employed as an assistant in a dentist's office. She stopped working during her first pregnancy and remained at home until after the parties separated. Plaintiff then used the proceeds of a $3,500 loan to pay her tuition in a hair styling school from which she graduated in August 1987.
The case was tried to conclusion in October 1986 and defendant was ordered to pay rehabilitative alimony to plaintiff for a period of five years. Plaintiff remarried on August 1, 1987.
N.J.S.A. 2A:34-25 states:
if after the judgment of divorce the wife shall remarry ... the court shall modify any judgment as to the alimony of the former wife by vacating and annulling any and all provisions in ... such judgment ..., directing the payment of money for the support of the former wife.
It is absolutely clear from the case law that the court has no discretion but to terminate alimony upon remarriage of the recipient spouse. See Sharpe v. Sharpe, 109 N.J. Super. 410 (Ch.Div. 1970) and Lepis v. Lepis, 83 N.J. 139 (1980).
Rehabilitative alimony is a relatively recent concept which postdates the statute. It was defined in Turner v. Turner, 158 N.J. Super. 313 (Ch.Div. 1978) as:
alimony payable for a short but specific and terminable period of time, which will cease when the recipient is, in the exercise of reasonable efforts, in a position of self-support. [at 314]
The "notion of rehabilitative alimony" has been accepted in Lepis, supra, as "consonant with the basic underlying rationale that a party is entitled to continue at a customary standard of *562 living inclusive of costs necessary for needed educational training." Mahoney v. Mahoney, 91 N.J. 488, 502 (1982).
In the case of Reiss v. Reiss, 205 N.J. Super. 41 (App.Div. 1985) it was held that reimbursement alimony[2] did not terminate upon remarriage of the spouse receiving payments. The dicta of that case suggests that N.J.S.A. 2A:34-25 which:
antedates the concepts of reimbursement and rehabilitative alimony ... speaks only to conventional alimony, referring specifically to "the payment of money for the support of the former wife." [205 N.J. Super. at 47]
Reiss further holds that reimbursement alimony is "subject to revision and alteration `from time to time as circumstances may require'" and it is clear from Shifman v. Shifman, 211 N.J. Super. 189 (App.Div. 1986) that rehabilitative alimony is also subject to modification.
The rationale, however, for the granting of these different types of alimony as stated in Mahoney, supra, should make it more difficult to modify reimbursement alimony since by its very appellation and underlying basis it is in the nature of compensation rather than support. Rehabilitative alimony, on the other hand, is in the nature of support, albeit for a specific purpose, rather than compensation.
It would be incongruous to strictly construe N.J.S.A. 2A:34-25 with regard to a spouse who requires unlimited support (permanent alimony) but to exclude from the operation of the statute a spouse who requires only limited support. In addition, as a matter of public policy, a former spouse should not be obligated to support the current spouse of another. It does not offend public policy, however, to enforce monetary obligations based on repayment to a previously supporting spouse.
For these reasons I conclude that N.J.S.A. 2A:34-25 requires the termination of rehabilitative alimony upon the remarriage of the recipient spouse, as of the date of the remarriage.
*563 Counsel for plaintiff is directed to submit an appropriate order under the five-day rule.
NOTES
[1] Defendant also alleges that plaintiff actually is rehabilitated, either by virtue of her own employment or through support she receives from her husband, and therefore rehabilitative alimony should cease. These allegations are not supported by any proofs and are therefore rejected.
[2] Reimbursement alimony is alimony granted to a supporting spouse for the financial contribution he or she made to the other spouse's successful professional training. See Mahoney, supra, 91 N.J. at 501.