256 N.J. Super. 90 (1992)
606 A.2d 423
SUSAN J. FRANTZ, PLAINTIFF,
v.
WILLIAM N. FRANTZ, DEFENDANT.
Superior Court of New Jersey, Chancery Division, Family Part, Monmouth County.
Decided March 9, 1992.
*91 Susan J. Cain, appearing pro se.
Timothy McGoughran (Jacobowitz, Grabelle, Reich & Defino, attorneys) for the defendant.
MARK A. SULLIVAN, JR., J.S.C.
This matter comes before the court on an application to resume alimony on behalf of the plaintiff, now known as Susan J. Cain, which has been terminated for cohabitation. It is stipulated that the plaintiff, who was divorced from the defendant on March 20, 1981, is presently cohabiting with another man in Monmouth Beach. The original Judgment of Divorce required the defendant to pay the plaintiff alimony in the amount of $250.00 per month and child support in the amount of $500.00 per month. At the time of the divorce plaintiff was unemployed and defendant was making approximately $18,000.00 per year. The plaintiff's present income is $33,000.00 per year and the defendant's is approximately $47,000.00 per year.
There is no indication in the moving papers as to the cohabitant's contribution to plaintiff's lifestyle, or hers to his. At oral argument, she indicated that he contributes between $300.00 to $500.00 per month to household expenses.
Under Lepis v. Lepis, 83 N.J. 139, 416 A.2d 45 (1980) alimony is subject to modification when there has been a showing of changed circumstances. The case of Gayet v. Gayet, 92 N.J. 149, 456 A.2d 102 (1983), cited by both parties to *92 this action, expressly provides that "cohabitation shall constitute such changed circumstances" Id. at 155, 456 A.2d 102. The Gayet court further held, citing Garlinger v. Garlinger, 137 N.J. Super. 56, 347 A.2d 799 (App.Div. 1975), that modification is called for when "(1) the third party contributes to the defendant spouse's support, or (2) the third party resides in the defendant spouse's home without contributing anything towards the household expenses" Gayet, 92 N.J. at 153, 456 A.2d 102. In short, this scheme permits modification for changed circumstances resulting from cohabitation only if one cohabitant supports or subsidizes the other under circumstances sufficient to entitle the supporting spouse to relief." It thus does not matter which cohabitant supports the other so long as there is support running from one to the other. Under one set of circumstances this would relieve the supported spouse from the need for support while in the other it would impose a burden on the supporting spouse of supporting the cohabitant. In Grossman v. Grossman, 128 N.J. Super. 193, 319 A.2d 508 (1974) Judge McKenzie of the Chancery Division held that cohabitation creates a rebuttable presumption of changed circumstances requiring the supported spouse to come forward with proof that the need for support remains the same. This precedent was cited with approval in the dissent to Gayet by Justice Schreiber. This court notes, however, that that case is not cited in the majority opinion with either approval or disapproval.
This court does not feel that, under the circumstances, it can impose a rebuttable presumption of changed circumstances merely upon the occurrence of cohabitation. Had the majority in Gayet intended that, it would have so stated. The issue remains, however, whether the burden of proof should still be on the parties seeking modification when all the evidence of the economic effect of the cohabitation is in the hands of the party resisting the same.
*93 This court perceives that it would be unreasonable to place the burden of proof on a party not having access to the evidence necessary to support that burden of proof. While it is not recognizing any presumption as set forth in Grossman, or in the dissenting opinion in Gayet, it does feel that cohabitation, consistent with Gayet, is a changed circumstance similar to the prima facie showing referred to in Lepis v. Lepis, supra, 83 N.J. at 157, 416 A.2d 45. Once that prima facia showing has been made, this court feels that the burden of proof would shift to the supported spouse.
In the instant case there has been no showing by Mrs. Frantz (now Ms. Cain) that her cohabitant is contributing exactly the cost of his support, no more and no less. Were he to contribute either more or less than said cost, a reduction in alimony would be required. This court will therefore order that alimony not resume unless plaintiff comes forward with an affirmative economic showing that she is neither supporting nor being supported by her cohabitant.