791 A.2d 1146 (2001)
348 N.J. Super. 374
Janet SCULLER, Plaintiff,
v.
Leonard SCULLER, Defendant.
Superior Court of New Jersey, Chancery Division, Monmouth County Family Part.
Decided July 9, 2001.
*1148 Richard S. Diamond, Millburn, for plaintiff, (Diamond & Diamond, P.A., attorneys.).
Frank A. Louis, Toms River, for defendant, (Louis, Roe & Wolf, attorneys.).
*1147 PERRI, J.S.C.
This matter comes before the court by way of defendant's motion in limine for a clarification of the relative burdens that the parties bear when a spouse seeks equitable distribution of the increase in value of a pre-marital asset owned by the other spouse. As a general rule, in limine motions are inappropriate if they require the court to engage in an analysis of credibility or evidence yet to be presented. In such cases, the motions should ordinarily be denied until a sufficient predicate is established. Bellardini v. Krikorian, 222 N.J.Super. 457, 464, 537 A.2d 700 (App.Div.1988). They may, however, be used effectively to clarify legal issues in advance of trial, such as the need for expert testimony to prove a standard of care or deviation therefrom. Kelly v. Berlin, 300 N.J.Super. 256, 270, 692 A.2d 552 (App.Div.1997).
In the within matter, the defendant does not seek a factual determination by the court regarding the immunity of a particular asset nor does he ask the court to decide the extent to which either party may be entitled to equitable distribution. Rather, the defendant seeks a ruling as a matter of law on the burdens of proof that the parties will bear at trial. The court finds that such an application in advance of trial is appropriate since it will not only foster judicial economy but will serve the interests of the parties by affording them the opportunity to more effectively focus their discovery efforts and avoid unnecessary expense and delay.
Plaintiff Janet Sculler and defendant Leonard Sculler began living together in 1985. Prior to the commencement of their relationship, Mr. Sculler had founded M & R Marketing, Inc. ("M & R"), a business involved in the development, manufacture and marketing of stamping and marking devices. The parties married in 1988 and Ms. Sculler filed her Complaint for Divorce on February 23, 2000. During the time that the parties were together, Mr. Sculler continued his work with M & R. While Ms. Sculler acknowledges that M & R was Mr. Sculler's pre-marital asset, she asserts that the value of M & R increased during the course of the marriage and that this increase should be presumed to be a marital asset subject to equitable distribution. She takes the position that the burden is on Mr. Sculler to prove that the increase in value is not subject to equitable distribution. Conversely, Mr. Sculler argues that, because the asset itself is immune, his wife has the burden of going forward and must prove some "linkage" between her efforts and the increase in value before that increase can be considered part of the marital estate subject to equitable distribution.
In its consideration of these issues, the court is guided by Mercedes-Benz Credit Corp. v. Lotito, 328 N.J.Super. 491, 746 A.2d 480 (App.Div.2000), which states:
Generally, burdens of proof are not allocated in statutory law but are left to the courts as matters of procedure. In re Will of Smith, 108 N.J. 257, 264, 528 A.2d 918 (1987). Judicial allocation of the burden of persuasion `can vary depending upon the type of proceedings, the comparative interests of the parties, the relative litigational strengths or weaknesses of the parties, the access of the parties to proof, and the objectives to be served by the evidence in the context of the particular proceeding.' (citation omitted). [Id. at 510, 746 A.2d 480.] *1149 At the heart of this matter is the conflict between two public policies, one which encourages the joint enterprise of marriage and the protection of each party's interest in the benefits and assets derived from their mutual effort, and the other which favors the recognition and preservation of personal property rights. When parties marry, it is assumed that both will make contributions to the social and financial success of the marital unit. When they divorce, it is expected that each party will receive his or her fair share of the fruits of those efforts by way of equitable distribution. This philosophy of mutual effort is embodied in the recitation that follows the enumerated equitable distribution factors in N.J.S.A. 2A:34-23.1, and which states that "[i]t shall be a rebuttable presumption that each party made a substantial financial or nonfinancial contribution to the acquisition of income and property while the party was married".
This assumed unity of interest notwithstanding, our law recognizes that certain personal property rights will not automatically be subsumed within the marital estate. In Painter v. Painter, 65 N.J. 196, 320 A.2d 484 (1974), our Supreme Court held that an asset owned by a spouse before marriage will not be subject to equitable distribution and that, in the absence of a showing that the non-owner spouse contributed in some fashion to the increase in value, the immunity will extend to an increase in the value of the asset during the marriage:
Clearly any property owned by a husband or wife at the time of marriage will remain the separate property of such spouse and in the event of divorce will not qualify as an asset eligible for distribution. As to this the statute is explicit. We also hold that if such property, owned at the time of the marriage, later increases in value, such increment enjoys a like immunity. [FN4] Furthermore the income or other usufruct derived from such property, as well as any asset for which the original property may be exchanged or into which it, or the proceeds of its sale, may be traceable shall similarly be considered the separate property of the particular spouse. The burden of establishing such immunity as to any particular asset will rest upon the spouse who asserts it.
FN4. The immunity of incremental value to which we refer is not necessarily intended to include elements of value contributed by the other spouse, nor those for which husband and wife are jointly responsible.[1] [Id. at 216, 320 A.2d 484].
The Court in Painter drew a distinction between an increase in the value of a pre-marital asset and assets that the parties acquire during the marriage: "A further question is presented when we consider assets that have come into the ownership of a spouse, or of both spouses jointly, during coverture. To the extent that such property is attributable to the expenditure *1150 of effort by either spouse, it clearly qualifies for distribution". Id.
Plaintiff urges the court to read N.J.S.A. 2A:34-23.1 to establish a rebuttable presumption that all property that comes into the hands of the parties during the marriage will be deemed to be part of the marital estate and that each party is presumed to have contributed to its acquisition. The court must decline this invitation. Given the plain meaning of the words of the statute, their placement after the equitable distribution factors, and the distinctions drawn by the Court in Painter, this court finds that the presumption in question relates not to whether an asset is part of the marital estate but rather that, once an asset has been determined to be part of the marital estate, it will be presumed to have been acquired by the joint efforts of the parties.
This interpretation is consistent with N.J.R.E. 301, which states:
... [A] presumption discharges the burden of producing evidence as to a fact (the presumed fact) when another fact (the basic fact) has been established. If evidence is introduced tending to disprove the presumed fact, the issue shall be submitted to the trier of fact for determination unless the evidence is such that reasonable persons would not differ as to the existence or nonexistence of the presumed fact. If no evidence tending to disprove the presumed fact is presented, the presumed fact shall be deemed established if the basic fact is found or otherwise established. The burden of persuasion as to the proof or disproof of the presumed fact does not shift to the party against whom the presumption is directed unless otherwise required by law.
As applied to N.J.S.A. 2A:34-23.1, the basic fact which must be proved is that an asset is part of the marital estate. Once this has been established, the presumed fact is that the asset was acquired through the joint efforts of the parties.
In Rothman v. Rothman, 65 N.J. 219, 320 A.2d 496 (1974), the Court established the three step analysis which the trial courts are to follow in distributing marital property. First, the judge must decide "what specific property of each spouse is eligible for distribution. Secondly, he must determine its value for purposes of such distribution. Thirdly, he must decide how such allocation can most equitably be made." Id. at 232, 320 A.2d 496. The first two steps can be fairly characterized as the "identification" and "valuation" phases, wherein the parties must identify those items claimed to be subject to equitable distribution and provide the court with their proofs regarding value. Once the assets of the marital estate have been marshaled and their value established, it is up to the court to engage in the third or "distribution" phase, applying the statutory factors set forth in N.J.S.A. 2A:34-23.1.
If a spouse asserts that an asset is immune, he or she bears the burden of establishing such immunity. Painter v. Painter, supra at 214, 320 A.2d 484. Once the immunity is proven, any increase in value will also be immune unless it is shown that the increase was due, in whole or in part, to the efforts of the spouse seeking equitable distribution of the increase. Id. Also see Valentino v. Valentino, supra at 338, 707 A.2d 168.
In Ozolins v. Ozolins, 308 N.J.Super. 243, 705 A.2d 1230 (App.Div.1998), the court was called upon to consider which party bears the burden of proof in an application to terminate alimony based upon cohabitation. The court found that "there is a rebuttable presumption of changed circumstances arising upon a prima facie showing of cohabitation. The burden of proof, which is ordinarily on the party seeking modification, shifts to the *1151 dependent spouse [to show that no economic benefit or detriment has been derived from the cohabitation]." Id. at 248-249, 705 A.2d 1230. The court was in agreement with Frantz v. Frantz, 256 N.J.Super. 90, 93, 606 A.2d 423 (Ch.Div.1992), that "it would be unreasonable to place the burden of proof on a party not having access to the evidence necessary to support that burden of proof." Ozolins v. Ozolins, supra.
The same analysis is applicable in the within matter. Proof that an asset is immune from equitable distribution raises a rebuttable presumption that any subsequent increase in value will also be immune. The burden then shifts to the non-owner spouse to demonstrate that 1) there has been an increase in the value of the asset during the term of the marriage; 2) the asset was one which had the capacity to increase in value as a result of the parties' effort (an active immune asset); and 3) the increase in value can be linked in some fashion[2] to the efforts of the non-owner spouse.[3] If this is shown, the presumption has been successfully rebutted and the matter is to be resolved by the trier of fact. N.J.R.E. 301.
NOTES
[1] Our case law has since refined the classification of immune assets to include "passive immune assets" and "active immune assets." Valentino v. Valentino, 309 N.J.Super. 334, 338, 707 A.2d 168 (App.Div.1998), citing Scavone v. Scavone, 230 N.J.Super. 482, 486, 553 A.2d 885 (Ch.Div.1988), aff'd, 243 N.J.Super. 134, 578 A.2d 1230 (App.Div. 1990). Passive immune assets are those whose value increases solely as a result of market conditions and are not subject to equitable distribution. Active immune assets involve contributions and efforts by one or both spouses toward the asset's growth and development which directly increase its value. "When the increase in value [in an active immune asset] is brought about solely through the efforts of the owner, that value is undistributable. Conversely, when such value is derived, in part or in whole, from the efforts of the non-owner, the appreciation is subject to distribution." Valentino, supra at 338, 707 A.2d 168.
[2] See Scherzer v. Scherzer, 136 N.J.Super. 397, 401-402, 346 A.2d 434 (App.Div.1975), certif. den., 69 N.J. 391, 354 A.2d 319 (1976), for the proposition that the value of a homemaker's contribution, although not subject to a monetary valuation, can nonetheless constitute a contribution to the efforts of the employed spouse.
[3] The shifting of this burden is also consistent with the rationale of Frantz, supra, since it is the non-owner spouse who would have knowledge of the efforts that he or she allegedly made and which form the basis of the claim that the non-owner spouse contributed to the increase in value. To hold otherwise would be to place the owner spouse in the untenable position of having to prove a negative, that is, that the non-owner spouse did not contribute to the increase in value of the immune asset.