**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2201-16T1

DINA M. KAUL,

    Plaintiff-Respondent,

v.

RICHARD A. KAUL,

    Defendant-Appellant.

---

    Argued May 9, 2018 — Decided June 13, 2018

    Before Judges Koblitz, Manahan and Suter.

    On appeal from Superior Court of New Jersey,
    Chancery Division, Somerset County, Docket No.
    FM-18-0254-08.

    Richard Arjun Kaul, appellant pro se.[1]

    Jessica Ragno Sprague argued the cause for
    respondent (Weinberger Divorce & Family Law
    Group, LLC, attorneys; Jessica Ragno Sprague,
    on the brief).

PER CURIAM

    Defendant Richard A. Kaul appeals from a December 19, 2016

order denying his request to modify his support, assessing $1719

---

[1]  Although defendant requested oral argument, he did not appear
to argue.

in counsel fees against him, and denying his request for an order directing the New Jersey Board of Medical Examiners to reinstate his medical license.

Defendant presents the following arguments on appeal:

> POINT I: THE COURT ERRED BY EITHER WILLFULLY OR NEGLIGENTLY FAILING TO FIND THE FACTS, AND ABUSED ITS DISCRETION BY FAILING TO REPORT THE ALLEGATIONS OF FORGED TRANSCRIPTS TO FEDERAL AUTHORITIES.

> POINT II: THE COURT HAS INCORRECTLY INTERPRETED THE LAW OF GENERAL JURISDICTION, AND HAS WITHOUT LEGAL FOUNDATION, TRUNCATED ITS EQUITABLE AUTHORITY.

> POINT III: THE COURT HAS INCORRECTLY PREMISED ON ITS FLAWED PRECEDING CONCLUSIONS [SIC], ITS GRANT OF THE PLAINTIFF'S CROSS-MOTION TO DENY THE DEFENDANT'S MOTION.

> POINT IV: THE COURT HAS ABUSED ITS DISCRETION BY NOT DENYING WITH PREJUDICE THE PLAINTIFF'S REQUEST THAT THE DEFENDANT'S FUTURE MOTIONS ARE SCREENED.

> POINT V: THE COURT ERRED BY NOT PERFORMING AN ECONOMIC ANALYSIS OF THE PARTIES, BEFORE ENTERING ORDERS OF LEGAL COST.

> POINT VI: THE COURT ABUSED ITS DISCRETION BY FAILING TO CONSIDER THE DEFENDANT'S REPLY PAPERS, AND ERRED BY IGNORING APPELLATE AUTHORITY.

> POINT VII: THE COURT ERRED BY FAILING TO ORDER AN ECONOMIC ANALYSIS OF THE PLAINTIFF AND FAILING TO FIND THAT THE PLAINTIFF HAS COHABITED SINCE 2014.

> POINT VIII: PARAGRAPH SPECIFIC CRITIQUE OF COURT'S LEGAL CONCLUSIONS AND FINDINGS OF FACT.

After reviewing the record in light of the contentions advanced on appeal, we affirm substantially for the reasons incorporated by Judge Hany A. Mawla into his December 2016 order. We add the following.

The parties entered into a Property Settlement Agreement (PSA) in August 2005, but were not divorced until October 2009. Plaintiff Dina Kaul was awarded counsel fees by an October 7, 2009 order. Plaintiff appealed the enforcement of the PSA, and defendant cross-appealed the award of counsel fees. We affirmed both orders. Kaul v. Kaul, No. A-0177-09 (App. Div. Aug. 15, 2011) (slip op. at 14).

On April 2, 2012, defendant's medical license was suspended, and on February 12, 2014, his license was revoked. Plaintiff successfully filed for support enforcement three times. Defendant appeals from the denial of his second motion to modify unallocated support of $10,000 per month, although the parties agreed in the PSA that there would be no modification regardless of future "increases or decreases in their income."

The parties were married in 2003. Two children were born of the marriage. Defendant was a doctor with a hugely successful minimally invasive surgery practice. He claims that his success caused professional jealousy that led other specialists in his field to bribe then-Governor of New Jersey, Chris Christie, who

arranged for defendant's medical license to be revoked.[2] He also claims that the record of his medical license revocation contains many forged transcripts and seeks intervention from the Family Court.

Defendant alleges that after his medical license was revoked, his income decreased by 90% and many parties filed lawsuits against him. His business declared bankruptcy and he sought to reduce his support payments from $10,000 a month to $500 a month. At the time he filed his first motion seeking a reduction, he was $280,000 in arrears. He claimed at that time that his income had been reduced from many millions to $500,000 per year. He presently claims that, as of July 2014, he has no income. He asked the Family Court to reinstate his medical license, arguing that the Superior Court has jurisdiction to do so and that he needs his license to support his family. He filed a case information statement (CIS) alleging that he was fully supported by others and has no assets, income or expenses. He did not attach a tax return, financial records or his prior CIS. See R. 5:5-4(a).

Judge Mawla found that "[d]efendant has provided no financial documentation necessary to demonstrate a substantial and permanent change in circumstances" and denied the motion "without

---

[2] He adds that insurance companies have a policy of coercing medical boards or politicians into revoking a person's medical license so the companies do not have to pay the doctors.

prejudice." The judge noted the deficiencies in defendant's CIS and stated that letters from his relatives and friends did not constitute objective proof that he unsuccessfully sought employment, or was fully supported by others.

Plaintiff points out that the PSA contained an anti-Lepis[3] clause precluding modification regardless of defendant's loss of income. See Kaul, No. A-0177-09 (slip op. at 4); Morris v. Morris, 263 N.J. Super. 237, 241 (App. Div. 1993). The PSA, however, does not entirely prevent modification.

Paragraph 14 of the PSA calls for a termination of support in the event of "the [w]ife's cohabitation with another person in accordance with existing case law." Of course, cohabitation would not affect the child support component of this agreed-upon unallocated support.

Defendant filed a reply certification in support of his modification motion one day before oral argument. The judge did not consider this certification, in which defendant alleged that plaintiff had been cohabiting for several years with "a male, whose income, it is believed, is derived from the operation of a privately held business." The obligor has the burden of proof to make a prima facie showing that cohabitation exists. Ozolins v. Ozolins, 308 N.J. Super. 243, 248 (App. Div. 1998). Additionally,

---

[3] Lepis v. Lepis, 83 N.J. 139 (1980).

new issues are not the proper subject matter of a reply certification, which should only respond to opposing affidavits or certifications.  R. 1:6-3(a).

Judge Mawla granted plaintiff's "request [to] compel [d]efendant to pay for her legal fees and costs associated with this [m]otion," totaling $1719.  He stated: "Defendant has acted in bad faith by filing the same [m]otion he filed in May 2016. Defendant is self-represented and [p]laintiff has incurred $1719 in legal fees in connection with this [m]otion."  He continued: "Pursuant to the May 1, 2014 Order, [p]laintiff was awarded $5972.65 in attorney's fees, which he has not paid.  Defendant was not successful in any of his requests and [p]laintiff was successful as to all of her requests."

Awards of counsel fees are within the sound discretion of the trial court.  Kingsdorf v. Kingsdorf, 351 N.J. Super. 144, 147 (App. Div. 2002).  Judge Mawla considered the Rule 5:3-5(c) factors, finding that the current incomes are unknown, defendant has not previously paid court-ordered attorney's fees, he was unsuccessful in his requests, and this motion was repetitious of a previously filed motion.

Judge Mawla soundly exercised his discretion in denying the application filed by defendant, who is highly educated, for lack of supporting documentation.  Self-represented litigants are

expected to follow the Court Rules.  See, e.g., Clifton v. Cresthaven Cemetery Ass'n, 17 N.J. Super. 362, 364 (App. Div. 1952) (observing that compliance with a particular court rule should not be dispensed with when a non-lawyer appears pro se); see also Trocki Plastic Surgery Cent. v. Bartkowski, 344 N.J. Super. 399, 405 (App. Div. 2001) (pro se litigants are regarded as lawyers for the purposes of Rule 1:4-8).  "[P]ro se litigants are not entitled to greater rights than litigants who are represented by counsel." Ridge at Back Brook, LLC v. Klenert, 437 N.J. Super. 90, 99 (App. Div. 2014).

We add that our decision does not preclude defendant from filing a future motion, accompanied by appropriate documentation, seeking modification. In that event, the court, in the exercise of its equitable authority and subject to opposition by plaintiff, may allow that any relief afforded be retroactive to the original filing of the motion under review, October 21, 2016.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2201-16T1