147 N.J. Super. 5 (1977)
370 A.2d 509
PATRICIA ANNE MOL, PLAINTIFF-RESPONDENT,
v.
KARL L. MOL, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 14, 1976.
Decided January 28, 1977.
*6 Before Judges LYNCH, MILMED and ANTELL.
Mr. Leonard R. Busch argued the cause for appellant (Messrs. Busch and Busch, attorneys).
Mr. John J. Campbell argued the cause for respondent.
PER CURIAM.
Defendant appeals from that part of the judgment in this divorce action which, in implementation of our equitable distribution statute, awarded to plaintiff the sum of $7,184.64 as her interest in the marital home which *7 had been purchased by defendant before the marriage. The trial judge arrived at that figure by the following reasoning. The home was originally purchased by defendant for $11,100 and was now worth $29,000. Thus there was an increase in value of $17,900. Defendant was given a credit of $2,700 against the total increase in value in recognition of the fact that he made a down-payment at the time of the purchase in that amount. This left a figure representing a net increase in value of $15,200. The trial judge awarded $6,000 of this amount (about 40%) to plaintiff as her share in the equity of the house. Plaintiff's share of mortgage amortization payments was calculated at $1,184.64 (about 50%) which was added to the $6,000 to arrive at the total of $7,184.64 that the court found was her share of the equitable distribution of that part of the value of the home which accrued during marriage.
Defendant argues that any increase in value after marriage of property which was individually owned prior to the marriage is not subject to equitable distribution. He points to the statement in Painter v. Painter, 65 N.J. 196, 214 (1974), that property owned by a husband or wife at the time of marriage enjoys an immunity to equitable distribution, and that "if such property, owned at the time of marriage, later increases in value, such increment enjoys a like immunity."
However, footnote 4 in explanation of this quotation reads:
The immunity of incremental value to which we refer is not necessarily intended to include elements of value contributed by the other spouse, nor those for which husband and wife are jointly responsible. [Emphasis supplied]
Thus, in equitable distribution a wife would be entitled to share in those elements of increase in value to which she contributed and those for which she and the husband are responsible. But neither the wife individually nor she and her former husband jointly are responsible for increase in value due merely to inflation or other economic factors. In Kirkland *8 v. Kirkland, 488 P.2d 1222 (Okl. Sup. Ct. 1971), the court, in applying its equitable distribution statute, rejected defendant wife's claim that she should share in the enhancement in value of stocks her husband had inherited from his father. The court said:
It is defendant's position that she should have been awarded a sum equal to one-half of the difference between the value of the stocks when plaintiff inherited them and their value at the time of trial.
In some of our cases we have treated the increase in value of the separately owned or acquired property as being jointly acquired, and have approved consideration of this enhanced value in the equitable division of the property. Moyers v. Moyers, Okl., 372 P.2d 844; Williams v. Williams, Okl., 428 P.2d 218; Raines v. Gifford, Okl., 370 P.2d 1; Hauser v. Hauser, Okl., 460 P.2d 436; and DuBoise v. DuBoise, Okl., 418 P.2d 924. However, in these cases the increased or enhanced value was considered jointly acquired because the enhanced value was due to the joint efforts of the husband and wife.
As stated in Collins v. Oklahoma Tax Commission, Okl., 446 P.2d 290, 295, "Although one spouse brings separate property to the marriage, enhanced value resulting from joint efforts, skill or funds of both working together constitutes jointly acquired property." [488 P.2d at 1226-1227]
The above holding conforms to the explanatory statement in Painter, 65 N.J. at 214, n. 4, quoted above.
Plaintiff cites Scherzer v. Scherzer, 136 N.J. Super. 397 (App. Div. 1975), certif. den. 69 N.J. 391 (1976), in support of her contention that she should share in the increment in value of the house during the marriage. In that case the court held that the husband's stock interest in a close corporation was not necessarily immune simply because he held the stock before marriage. Judge Carton, speaking for the court, pointed out that:
The stock in question, unlike ordinary marketable securities, necessarily derived its value in large part from defendant's personal participation in the business * * *.
The value of defendant's interest in the corporation which predated the marriage is, of course, immune from distribution. However, any increase in value occurring after the marriage should *9 be considered eligible to the extent that it may be attributable to the expenditures of the effort of plaintiff wife. See Painter v. Painter, supra at 196. [at 400-401; emphasis supplied]
The holding in Scherzer does no more than apply footnote (4) of Painter. It does not, of necessity, support plaintiff's contention.
We hold that plaintiff is not entitled to share in that portion of enhancement in value of the house which was due solely to inflation or other economic factors and to which she did not contribute in any way. However, there were no findings by the trial judge to distinguish that portion of growth in value which was the result of independent economic factors alone, such as inflation, and that portion to which plaintiff contributed or for which husband and wife were jointly responsible. Such findings in this nonjury case are mandated by R. 1:7-4.
The judgment is reversed insofar as it provides for equitable distribution. The matter is remanded for a plenary hearing thereof and for findings of fact and conclusions in accordance with the views herein expressed and under the guidelines set forth in Painter v. Painter, supra.
We do not retain jurisdiction.