185 N.J. Super. 382 (1982)
448 A.2d 1035
KAIA GRIFFITH, PLAINTIFF,
v.
LYNN GRIFFITH, DEFENDANT.
Superior Court of New Jersey, Chancery Division Bergen County.
Decided June 3, 1982.
*383 Daniel Kasen for plaintiff (Kasen & Kraemer, attorneys).
Allan P. Browne for defendant (Breitenstein & Browne, attorneys).
KRAFTE, J.J.D.R.C. (temporarily assigned).
Is plaintiff-wife entitled to share by way of equitable distribution in the amount of mortgage-principal paydown during the viable portion of the marriage on a house owned by defendant-husband prior to marriage? We answer in the affirmative.
The parties were married on November 17, 1973, it being defendant's second marriage. As a result of his prior divorce he became the sole legal owner of what came to be the marital premises, and remains as such sole owner today. From November 17, 1973 through May 13, 1981 (the date of the instant complaint), defendant paid down $8,000 on the mortgage. Plaintiff claims such to be an asset subject to equitable distribution. Plaintiff readily admits that she has no interest in or claim against any incremental value of the marital home by way of economic conditions which might have increased its present market value. Indeed, no such valuation testimony has been offered.
It is unquestioned that such property as possesses immunity from inclusion in equitable distribution continues to enjoy immunity after being brought into the marriage. It is also *384 unquestioned that any incremental value also enjoys a like immunity. From this point, erosion commences.
Our Supreme Court, in Painter v. Painter, 65 N.J. 196 (1974), by way of footnote observation stated: "The immunity of incremental value to which we refer is not necessarily intended to include elements of value contributed by the other spouse, nor those for which husband and wife are jointly responsible." At 214, fn. 4.
Thus, incremental value of pre-owned assets is not automatically subject to immunity.
Using somewhat more expansive language, the Supreme Court of Oklahoma, in Collins v. Oklahoma Tax Comm., 446 P.2d 290, 295 (Sup.Court 1968), said: "Although one spouse brings separate property to the marriage, enhanced value resulting from joint efforts, skill or funds of both working together constitutes jointly acquired property." (Emphasis supplied).
The Appellate Division, in Scherzer v. Scherzer, 136 N.J. Super. 397 (App.Div. 1975), certif. den. 69 N.J. 391 (1976), addressed an incremental stock value question and ruled (at 401): "However, any increase in value occurring after the marriage should be considered eligible to the extent that it may be attributable to the expenditures of the effort of plaintiff-wife." (Emphasis supplied).
In Mol v. Mol, 147 N.J. Super. 5 (App.Div. 1977), the court was faced with a full-blown claim of inclusion of both the complete incremental value of a pre-owned asset (home) as well as mortgage pay-down. The Mol court gave merely passing consideration to the mortgage reduction question and appeared to make no differentiation between it and general economic incremental factors. In fact, the Mol court remanded for failure of the trial court to make factual findings, leaving open the question of mortgage paydown as constituting a nonimmune asset. The Mol court stated:
We hold that plaintiff is not entitled to share in that portion of enhancement in value of the house which was due solely to inflation or other economic factors *385 and to which she did not contribute in any way. However, there were no findings by the trial judge to distinguish that portion of growth in value which was the result of independent economic factors alone, such as inflation, and that portion to which plaintiff contributed or for which husband and wife were jointly responsible. [at 9]
This court finds that plaintiff herein devoted herself to being a homemaker for the full viable portion of the marriage. She testified that defendant did not want her to work. She cleaned, cooked, took care of the house and evidently helped make it a pleasant home. Surely, if defendant did not maintain his house and, of necessity, pay-down on the mortgage, he would have had to pay rent for their shelter. It is argued that that would effectively dispose of that portion of his income, and it would have become unavailable. This court cannot accept this argument. This is the way defendant chose to conduct his marital living and fulfill his support obligations to plaintiff. This court finds that plaintiff did, in fact, contribute to the incremental value as limited to the mortgage pay-down, and is thus entitled to its inclusion for equitable distribution.