210 N.J. Super. 218 (1985)
509 A.2d 301
VIRGINIA A. MICHEL, PLAINTIFF,
v.
PIERRE MICHEL, DEFENDANT.
Superior Court of New Jersey, Chancery Division Family Part, Bergen County.
Decided December 20, 1985.
*219 Gladstone & Hart for plaintiff.
Robert Nussbaum for defendant.
KRAFTE, J.S.C.
By post-judgment motion, originally returnable September 27, 1985, plaintiff-wife seeks reconsideration of this Court's order of August 20, 1985.
This Court finds that the increasingly frequent practice of filing motions for "reconsideration" of a prior order at the trial court level is without basis in the New Jersey Court Rules, is duplicative of court time and legal fees, and is inappropriately employed by dissatisfied litigants when their proper remedy lies in an appeal. Plaintiff's motion is thus denied.
The parties to this action were divorced in 1980, the Final Judgment having incorporated a property settlement agreement executed by the parties April 27, 1980. The agreement provides, inter alia, that the defendant-husband agrees to be responsible for the cost of post-high school education of the children of the marriage to the extent of his financial ability.
In August 1983, plaintiff filed a motion to compel defendant to pay the full cost of the elder child's college expenses for the year 1983-84. This Court entered an order November 17, 1983, granting plaintiff's application. Immediately upon receipt of the Court's decision, however, defendant's attorney notified the court in writing that the decision was based upon a misunderstanding of several statements in defendant's certification. The Court, in its decision, had stated that the defendant indicated *220 his willingness to pay certain amounts, when in fact defendant had never so agreed. This resulted in defendant's filing a motion for reconsideration of the November 17, 1983 order.
Upon reconsideration of the papers, this Court found conflicts as to material facts and ordered a plenary hearing. Rather than proceed to hearing, however, the parties instead entered a consent order dated June 28, 1984, by which the college costs for the child were shared by both parties, defendant paying a little more than one-half.
One year later both children planned to attend college. Plaintiff then filed a similar motion, returnable July 12, 1985, seeking an order compelling defendant to be fully responsible for 1985-86 college costs. Having examined all submissions by the parties, this Court found that the circumstances had not changed within the year such that defendant could meet the burden of college costs alone. The parties' respective financial positions remained substantially the same as they had been one year prior, when the consent order was entered. Accordingly, this Court entered an order on August 20, 1985, requiring each party to be responsible for one-half of the children's college costs.
It is at this point that the duplicative nature of the so-called "motion for reconsideration" becomes particularly apparent. While the ink on the August 20th order had hardly a chance to dry, plaintiff filed the within motion for reconsideration. This Court now has before it more than 150 pages of certifications and exhibits which contain mere restatements of the parties' original certifications. Plaintiff proffers no new facts or circumstances regarding their respective financial situations which would indicate that the August 20th order should be altered. At one point, she states that her motion is brought "because of a mistake in the Court's previous order", but elaborates on this no further. Thus the basis for plaintiff's present motion appears to be her dissatisfaction with the substantive *221 result which she claims is inequitable. Defendant's position, on the other hand, takes the form of a question: "How many times must I be compelled to litigate the same issue with plaintiff?"
The procedure employed by plaintiff herein is improper. Despite the frequency with which such motions are filed, there exists no provision in the New Jersey Court Rules which permits reconsideration at the trial court level.
An examination of the court rules reveals one reference to reconsideration. This, however, is found in a comment to a rule, not a rule itself, and is in the context of the checklist appended to the foot of an order. The comment to R. 1:6-2(a) states that the purpose of the checklist is to indicate exactly what papers were before the judge on consideration of a motion. It continues:
This provision is made necessary by increasing mail and clerical delays. Should a party receive a form of order indicating that his filed papers were not considered, he would clearly have the recourse of seeking a reconsideration on that ground. Pressler, Current N.J. Court Rules, Comment R. 1:6-2(a) (1985).
The right to seek reconsideration of an order based upon clerical mistake, however, is afforded by R. 1:13-1, which provides:
Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from an oversight and omission may at any time be corrected by the court on its own initiative or on the motion of any party, and on such notice and terms as the court directs, notwithstanding the pendency of an appeal.
Such, however, is not the case at hand. Plaintiff does not allege that papers she timely filed in connection with the earlier (July) motion were omitted from consideration. Thus, it is not upon this ground that plaintiff seeks reconsideration of the order.
The only other rule upon which plaintiff could arguably proceed is that of R. 4:50, "Relief from Judgment or Order." This procedure, however, is vastly different and to be distinguished from the practice of filing motions for reconsideration.
*222 Rule 4:50-1 permits the filing of a motion, with briefs, by which the court may relieve a party from a final judgment or order. Five specific grounds for relief are enumerated, which include mistake, inadvertence or neglect, newly discovered evidence, fraud or misrepresentation, and the fact that the order is void or has been satisfied. R. 4:50-1(a)-(e). The rule then provides, in subsection (f) that an application may be founded on "any other reason justifying relief from the operation of the judgment or order." It has been held that "to obtain relief from an order under R. 4:50-1(f), one must show that the enforcement of the order would be unjust, oppressive or inequitable". Quagliato v. Bodner, 115 N.J. Super. 133, 138 (App. Div. 1971).
It is clear, however, that plaintiff does not proceed on the basis of R. 4:50-1. Not only does she fail to expressly cite it, but also she fails to comply with it, having submitted no brief. Plaintiff asks not that she be relieved from the operation of the order, but rather that this Court reconsider it  implying that upon re-examination a different result will be reached, which would be more favorable to her.
That the court rules do not provide for reconsideration at the trial court level is emphasized by an examination of recent rule proposals to permit such a procedure. In 1982, the New Jersey Supreme Court's Committee on Civil Practice recommended that the rules be amended to "provide for a motion for re-hearing before a trial court, pursuant to strict time limitations, which [would] have the effect of tolling the time for appeal." The Committee's Report, found at 109 N.J.L.J. 497 (June 3, 1982), proposed the following amendments (proposed changes in the text are underlined):

R. 4:49-2. MOTION TO ALTER OR AMEND A JUDGMENT OR ORDER.
Except as otherwise provided by R. 1:13-1 (clerical errors) a motion for rehearing or reconsideration seeking to alter or amend a judgment or order shall be served not later than 10 days after entry of the judgment.

R. 2:4-3. TOLLING OF TIME FOR APPEAL AND CERTIFICATION.

*223 The running of the time for taking an appeal and for the service and filing of a notice of petition for certification shall be tolled:
* * * * * * * *
(e) In civil actions by the timely filing and service of a motion to the trial court for rehearing or to amend or make additional findings of fact pursuant to R. 1:7-4; or for judgment pursuant to R. 4:40-2; or for a new trial pursuant to R. 4:49-1; or for rehearing or reconsideration seeking to alter or amend the judgment or order pursuant to R. 4:49-2. The remaining time shall again begin to run from the date of the entry of an order disposing of such a motion.
For whatever reason, these proposed amendments were never adopted by the Supreme Court.
Further, while the rules are silent on the issue of reconsideration at the trial court level, the rules governing appellate practice specifically permit such a procedure, R. 2:11-6 was recently amended to provide for the filing of a motion for reconsideration in the Appellate Division within ten days after the entry of judgment. See "New Rule Amendments, Effective January 2, 1986", 116 N.J.L.J. 733, 737 (December 5, 1985).
In adopting the above amendments, the Supreme Court has thus made it clear that, at the Appellate Division level, a motion for reconsideration is procedurally proper. Conversely, the absence of a provision for reconsideration at the trial court level makes it clear to this Court that such practice is procedurally improper. Not only did the Supreme Court adopt rules which explicitly allow Appellate Division reconsideration, but it also decided not to adopt proposed rules which would implement this practice in our trial courts. Plaintiff's position, requesting that this Court reconsider its earlier order, thus lies clearly outside the New Jersey Court Rules.
While this Court recognizes that there are instances when relief from an order pursuant to R. 4:50-1 is mandated, it disapproves of the practice employed herein, i.e., the filing of a motion for reconsideration when the sole basis for the motion is apparent disagreement with the substantive result reached by the Court.
*224 This practice, developed by attorneys, has become a mechanism by which unhappy litigants attempt once more to air their positions and relitigate issues already decided. It has also been employed (although not in this case) as a method by which a party extends the time in which he must file an appeal. Having failed to timely appeal, the litigant files a motion for reconsideration, thereby extending his time to appeal from the entry of the second order, disposing of the motion for reconsideration. This Court finds such practice to be improper and inappropriate.
Additionally, it is observed that the effect of such procedure is unnecessary duplication of court time and counsel fees to the client. Considering the volume of matrimonial motions, the result of this practice is to increase the backlog of the Court's workload, only to be followed by, in the great majority of cases, the inevitable appeal. Thus, not only is court time duplicated and thereby wasted, but also wasted are the hundreds and ofttimes thousands of dollars in legal fees generated. For the amounts expended by these parties in legal fees, they could probably have paid the present and future college expenses of their children.
Such practice should further be discouraged inasmuch as it tends to erode the policy of according finality to decisions of the Court. If dissatisfied with a post-judgment order, a litigant has the right to appeal. The practice of allowing motions for reconsideration, however, leaves the responding party forever open to the threat of being summoned back into court to relitigate an issue presumably decided. Such is inherently unfair and offensive to our traditional notion of res judicata. To routinely permit such practice to continue approaches a legal system which recognizes neither res judicata nor a statute of limitations  the litigant must live in constant anticipation that at any time he may be brought before a court to resolve an issue which he thought had been resolved.
This Court therefore finds that the practice of moving before the trial court for reconsideration of a prior order, when dissatisfied *225 with the substantive result reached by the Court, is improper and without basis in the New Jersey Court Rules. It is not the opinion of this Court that it is infallible or that orders should be immune from re-examination. Nor does this Court intend to dilute any right afforded a litigant pursuant to R. 1:13-1 or R. 4:50-1. This Court is convinced however, that a litigant's dissatisfaction with the substantive result reached is not reason for a reconsideration motion. The proper procedural step in such a case is the filing of an appeal. As above stated, plaintiff's motion is denied.