707 A.2d 168

JANIS VALENTINO, PLAINTIFF–APPELLANT/ CROSS–RESPONDENT, v. PAUL VALENTINO, DEFENDANT–RESPONDENT/ CROSS–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted December 9, 1997—Decided March 30, 1998.

Before Judges CONLEY, WALLACE and CARCHMAN.

*Liebowitz & Liebowitz,* attorneys for appellant/cross respondent (*William C. Rindone, Jr.,* of counsel and on the brief).

*Geist & Stratis,* attorneys for respondent/cross-appellant (*Kalman Harris Geist,* on the brief).

The opinion of the court was delivered by

CARCHMAN, J.S.C. (temporarily assigned).

This is an appeal by plaintiff wife from multiple orders awarding custody of two children to defendant husband.[1] In addition, plaintiff claims that the court's award of child support to defendant was improvident and that she was entitled to alimony, additional equitable distribution and counsel fees. Defendant cross-appeals and challenges a portion of the equitable distribution award. He, too, challenges the counsel fee award. We find that neither the appeal nor the cross-appeal have any merit, and accordingly, we affirm.

We recite the relevant facts of this extended proceeding. The parties were married on October 19, 1977. Two children were born of the marriage—Daniel, born December 14, 1981 and Emily, born November 5, 1987. The parties separated in October 1989 when defendant left the marital residence.

The property in dispute on this appeal is a mini-strip mall originally acquired by defendant in 1977 prior to the marriage and then used as a gas station (the Englewood property). At issue was plaintiff's participation in the enhancement of that property with plaintiff claiming she worked at the station on various occasions and defendant denying such involvement. Notwithstanding that factual issue, plaintiff generally was a homemaker and mother, and at the time of trial was employed part-time as a bookkeeper. Defendant at the time of trial described himself as "semi-retired" with income generated by the mini-mall.

[At the request of the Appellate Division, only that portion of the opinion addressing equitable distribution is to be published. The discussion of the custody, support and counsel fee issues are omitted. As to these issues, the Appellate Division affirmed the trial court's determinations.]

---

[1] Plaintiff challenged custody at the original hearing, on an application for reconsideration and on remand from this court on her motion.

■ Plaintiff argues that she was entitled to more than the ten percent of the value of the Englewood property. Defendant claims that the Englewood property was a passive asset, acquired by him prior to marriage, and was thus immune from distribution.

■ Any property owned by a husband or wife at the time of marriage will remain the separate property of such spouse and in the event of divorce will be considered an immune asset and not eligible for distribution. *Painter v. Painter*, 65 *N.J.* 196, 214, 320 *A.*2d 484 (1974). These are, however, circumstances in which the appreciation during the marriage of a pre-owned asset will be subject to distribution. The first determinate is whether this asset is active or passive.

■ Passive immune assets can be defined as those assets whose value fluctuations are based exclusively on market conditions. *Scavone v. Scavone*, 230 *N.J.Super.* 482, 486, 553 *A.*2d 885 (Ch.Div.1988), *aff'd*, 243 *N.J.Super.* 134, 578 *A.*2d 1230 (App.Div. 1990). An active, immune asset involves contributions and efforts by one or both spouses toward the asset's growth and development which directly increase its value. *Id.* at 487, 553 *A.*2d 885. When the increase in value is brought about solely through the efforts of the owner, that value is undistributable. Conversely, when such value is derived, in part or in whole, from the efforts of the non-owner, the appreciation is subject to distribution. *Id.* at 488, 553 *A.*2d 885. The increased value of active immune assets must be considered eligible to the extent that it may be attributable to the expenditures or the effort of the non-owner spouse, and a determination must be made regarding the extent the original investment has been enhanced by contributions of either spouse. Where the spouse contributes to the increase in assets, the valuation date of the included increment occurs at the time of distribution. The burden of establishing immunity rests upon the spouse asserting such immunity. *Pascale v. Pascale*, 140 *N.J.* 583, 609, 660 *A.*2d 485 (1995); *Painter v. Painter, supra*, 65 *N.J.* at 214, 320 *A.*2d 484 (1974).

Appellate review pertaining to the division of marital assets is narrow. *Wadlow v. Wadlow,* 200 *N.J.Super.* 372, 377, 491 *A.*2d 757 (App.Div.1985). We decide whether the trial judge mistakenly exercised its broad authority to divide the parties' property and whether the result was "reached by the trial judge on the evidence, or whether it is clearly unfair or unjustly distorted by a misconception of law or findings of fact that are contrary to the evidence." *Id.* at 382, 491 *A.*2d 757, quoting, *Perkins v. Perkins,* 159 *N.J.Super.* 243, 247, 387 *A.*2d 1211 (App.Div.1978).

The trial judge reviewed the testimony concerning the Englewood property. There was no dispute that the property was bought prior to the marriage, and plaintiff did not claim that it was purchased in contemplation of marriage. The purchase price of the property was $115,000, with a $100,000 mortgage. The court recognized that plaintiff's contributions to the actual property, i.e., cleaning and doing some errands, was "minimal." However, the judge also recognized that after the parties were married, defendant continued to devote his time to the station while plaintiff took care of the home, worked part-time and raised Daniel. She found that "[t]his contribution certainly assisted Mr. Valentino by allowing him to devote his time to the business." Additionally, the mortgage on the property was paid off primarily during the course of the marriage, while defendant ran the gas station and from income earned through an appliance business. The judge determined that plaintiff was entitled to ten percent of the $442,-000 value of the property.

Plaintiff claims she was entitled to more. Defendant claims that she was not entitled to anything, but if she was, the value of her interest should have been assessed at the time of the separation, not four years later.

This was not a totally passive asset. It was not a stock or a house that defendant owned prior to the marriage, whose value increased solely due to market forces. The property was an active immune asset, that is, a premarital asset that increased due to contributions toward its growth and development.

In *Griffith v. Griffith,* 185 *N.J.Super.* 382, 385, 448 *A.2d* 1035, (Ch.Div.1982), the court held that a non-owner spouse's contribution to the enhancement in a pre-owned asset could consist of a mortgage pay-down during the marriage and could convert an immune, pre-acquired asset into one whose appreciation is eligible for distribution, but for limited purposes. Here, plaintiff minimally helped get the gas station ready for its opening and may have helped somewhat after it opened. There is no doubt, however, that her contributions to the home and children allowed defendant to work at his business and thus pay down the mortgage on the property. The trial judge properly found that plaintiff was entitled to ten percent of this property.[2] We will not disturb that ruling.

Finally, we conclude that the trial judge's award of counsel fees was proper and well within her discretion. *Williams v. Williams,* 59 *N.J.* 229, 233, 281 *A.2d* 273 (1971).

Affirmed.

---

[2] Plaintiff claims she should have been awarded alimony, a share of a laundromat business and a greater share of the marital residence. We find these claims are without merit. *R.* 2:11–3(e)(1)(A) and (E).