**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1429-16T1

JENNIFER SOWA,

    Plaintiff-Respondent,

v.

MICHAEL SOWA,

    Defendant-Appellant.

_____

        Submitted October 31, 2017 - Decided December 5, 2017

        Before Judges Reisner and Mayer.

        On appeal from Superior Court of New Jersey,
        Chancery Division, Family Part, Morris County,
        Docket No. FM-14-1237-13.

        Michael Sowa, appellant pro se.

        Daly & Associates, LLC, attorneys for
        respondent (Carolyn N. Daly and Amy Kriegsman,
        on the brief).

PER CURIAM

    Defendant Michael Sowa appeals from a November 3, 2016 Chancery Division order denying his motion for reconsideration. Defendant requested reconsideration of the Chancery Division's order dated May 27, 2016, denying his request to modify alimony

and rescinding a previously scheduled plenary hearing.  We affirm in part and reverse and remand in part.

Defendant and plaintiff signed a Marital Settlement Agreement (MSA) finalizing their divorce on November 19, 2013.  The MSA required defendant to pay alimony and child support.  The MSA provided:

> [I]n the event the husband, who recently lost his job as a result of a reduction in workforce, does not have another job within six (6) months of the entry of the Judgement of Divorce he may make an application to the court to modify his alimony and child support obligations.

In accordance with the MSA, modification of defendant's alimony or child support obligation was contingent on defendant's satisfaction of the criteria set forth in Lepis v. Lepis, 83 N.J. 139 (1980).

Defendant, who was unemployed as of the date of the divorce, remained unemployed for twenty months after the divorce was finalized.  On or about December 24, 2014, defendant filed a motion to terminate alimony and modify child support.[1]  On January 9, 2015, a family court judge denied defendant's motion.  The judge found that defendant had not engaged in the requisite exhaustive

---

[1] Technically, defendant filed a cross-motion.  However, plaintiff's motion precipitating the cross-motion is not the subject of this appeal and is irrelevant to our disposition of this matter.

job search to substantiate changed circumstances, since he "narrowed his job search to positions in his chosen field offering minimum salaries of $100,000" near Albany, New York. Under the then newly amended alimony statute, the judge concluded that defendant failed "to explore employment opportunities at any level in any field" to justify a modification of his alimony obligation. Similarly, the judge determined that defendant's limited job search efforts failed to demonstrate substantial changes warranting a downward adjustment of child support. Nor did the judge deem a reduction in child support to be in the best interests of the children. Defendant then moved for reconsideration of the January 9, 2015 order, which was denied on March 26, 2015.

In August 2015, defendant filed another motion to terminate alimony and modify child support. In that application, defendant also sought to suspend life insurance and college tuition obligations based on his unemployed status. However, a few weeks after filing that motion, on August 26, 2015, defendant began a new job.

Two months after he began working, and while his August motion was pending, defendant wrote to the court to advise that he obtained full-time employment. Defendant requested an adjustment in alimony and child support based on his earning approximately

$50,000 less than he earned prior to the divorce. Defendant failed to amend his pending motion based on his new employment and salary.

On February 26, 2016, another family court judge ruled on defendant's August 2015 motion. The judge's statement of reasons accompanying that order noted that the MSA addressed defendant's continued unemployment. Although the judge found that defendant had filed a partially complete Case Information Statement (CIS) in support of his motion, based on the parties' conflicting certifications raising factual disputes, he ordered the matter to proceed to a post-judgment early settlement panel for review and disposition. The judge denied all other requested relief.

After the post-judgment early settlement panel, the parties reported to the motion judge. By order dated May 16, 2016, the judge scheduled the matter for a plenary hearing in June. The next day, plaintiff's attorney wrote to the judge explaining the "matter can't be set for a plenary hearing as all of the relief sought in the motion and cross-motion were denied." Plaintiff's attorney argued that since both motions were denied without prejudice, there was nothing pending before the court, and both sides were required to re-file their motions. In response, defendant stated that his motion was not denied and a plenary hearing should be held. Plaintiff's attorney countered that defendant had not met his burden of proving changed circumstances.

4

On May 27, 2016, the judge rescinded his order scheduling a plenary hearing. The judge noted that because defendant failed to establish a prima facie case of changed circumstances, he was not entitled to a plenary hearing until he met that burden. In rescinding the order scheduling a plenary hearing, the judge incorporated his written statement of reasons attached to the February 26, 2016 order.

In June 2016, defendant filed a motion for reconsideration of the May 27, 2016 order. Plaintiff cross-moved to enforce litigant's rights and compel payment of arrears.

On November 3, 2016, the judge denied defendant's reconsideration motion and granted plaintiff's cross-motion for relief in aid of litigant's rights. The judge found that defendant's June 2016 motion only argued that defendant's unemployment status entitled him to a modification of his financial obligations. Because defendant's first motion, decided on January 9, 2015, requested the same relief as did defendant's June 2016 motion, the June motion was really a reconsideration of the March 26, 2015 reconsideration order. The judge denied defendant's June 2016 motion finding that "a reconsideration of a reconsideration" is not permitted. The judge also awarded counsel fees to plaintiff based on defendant's bad faith.

On appeal, defendant raises three issues. First, he argues that the judge mistakenly denied defendant's motion for reconsideration. Second, he claims the judge erred in deciding defendant's motion without a plenary hearing. Third, he contends the judge improperly awarded counsel fees to plaintiff.

We defer to a Family Part judge's decision unless the court has abused its discretion. See Larbig v. Larbig, 384 N.J. Super. 17, 23 (App. Div. 2006). "An abuse of discretion arises when a decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Milne v. Goldenberg, 428 N.J. Super. 184, 197 (App. Div. 2012) (citations omitted).

Motions for reconsideration are governed by Rule 4:49-2. The Rule requires that a reconsideration motion "state with specificity the basis on which it is made, including a statement of the matters or controlling decisions which counsel believes the court has overlooked or as to which it has erred." R. 4:49-2. In addition, a court may, in its discretion, reconsider a matter "in the interest of justice." D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990). Reconsideration is reserved for those limited circumstances in which the court's decision was based upon a palpably incorrect or irrational basis, or the court failed to consider the significance of probative, competent evidence. Id.

Reconsideration is not appropriate "merely because a litigant is dissatisfied with a decision of the court." Palombi v. Palombi, 414 N.J. Super. 274, 288 (2010). Nor is reconsideration a mechanism for "unhappy litigants [to] attempt once more to air their positions and relitigate issues already decided." Michel v. Michel, 210 N.J. Super. 218, 224 (Ch. Div. 1985).

Defendant's original motion to modify alimony and child support was denied by order dated January 9, 2015. Reconsideration of that order was denied on March 26, 2015. In August 2015, defendant filed a motion for modification of alimony and child support substantially similar to his original modification motion. The August motion set forth the same facts in support of downward modification of defendant's support obligations as proffered in defendant's original motion. Significantly, defendant procured employment after filing his August modification motion but did not seek to amend his pending motion. Further, defendant's August motion failed to provide a complete CIS in accordance with Rule 5:5-4.[2] Thus, defendant's June 2016 motion sought reconsideration of his August 2015 motion, which sought the same relief on the same grounds as both the December 2014 motion and the first reconsideration motion.

---

[2] Defendant's CIS attached to his August motion did not include a tax return with W-2, 1099s, or paystubs.

We agree with the motion judge that defendant's motion was an improper reconsideration of an earlier reconsideration order. Defendant failed to set forth evidence that the judge's reasoning was plainly incorrect or that the judge failed to consider relevant evidence. Moreover, as a result of defendant's failure to file a complete CIS with his August 2015 modification motion and provide information substantiating his new salary, we find the judge properly denied defendant's August 2015 motion.

Next, defendant argues that he was entitled to a plenary hearing in connection with his August 2015 motion. Plenary hearings are only required when "a prima facie showing has been made that a genuine issue of fact exits bearing upon a critical question." Bisbing v. Bisbing, 445 N.J. Super. 207, 216 (2016) (citations omitted), aff'd in part, 230 N.J. 309 (2017). Plenary hearings may not be necessary if the family court is "familiar with the parties through extensive motion practice." Id. at 213.

We agree with the judge that defendant failed to make a prima facie showing of substantial changed circumstances warranting a plenary hearing on defendant's motion to reduce his support obligations. Defendant merely reargued his original motion for modification of alimony and child support without raising new facts. A significant new fact was defendant's employment as of August 2015, yet defendant did not provide this information as

part of his August motion. Under the circumstances, the judge, who reviewed the file, including the documents related to the January 9, 2015 and March 26, 2015 orders, and met with the parties in May 2015 after the post-judgment early settlement panel, correctly observed that defendant failed to demonstrate changed circumstances.

Lastly, defendant argues that the award of counsel fees to plaintiff was improper as the judge failed to articulate findings in support of the awarded fees. A court must clearly state "its factual findings and correlate them with the relevant legal conclusions." Curtis v. Finneran, 83 N.J. 563, 570 (1980); see R. 1:7-4. Without such findings, it is impossible for us to decide whether the determination below is supported by substantial credible proof on the record. See Mol v. Mol, 147 N.J. Super. 5, 9 (App. Div. 1977). A recitation of the factors for awarding counsel fees is insufficient. Grayer v. Grayer, 147 N.J. Super. 513, 516 (App. Div 1977).

The judge awarded counsel fees to plaintiff based upon his finding that defendant acted in "bad faith." While the judge listed the factors that he considered in awarding counsel fees, he did not set forth any specific findings as to why or how defendant acted in bad faith. Nor did the judge explain how the factors he considered in awarding counsel fees applied in this

case. As such, we are required to remand this issue to the judge to set forth his factual findings and correlate them with the relevant law to support the award of counsel fees to plaintiff.

Affirmed as to denial of defendant's motion to modify alimony and child support without a plenary hearing. Reversed and remanded as to the award of counsel fees to plaintiff. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1429-16T1