# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0061-18T1

C.P.,

    Plaintiff-Appellant,

v.

E.P.,

    Defendant-Respondent.

_____

Submitted October 8, 2019 – Decided November 21, 2019

Before Judges Accurso and Gilson.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Union County, Docket No. FM-20-1843-17.

C.P., appellant pro se.

Respondent has not filed a brief.

PER CURIAM

    Plaintiff, the former husband, appeals from a final judgment of divorce, entered on June 5, 2018, following a bench trial. Plaintiff also appeals from an

August 10, 2018 order denying his motion for reconsideration. Having considered plaintiff's arguments in light of the record and law, we affirm.

I.

The parties were married in May 2005. At the time of their divorce, there were two surviving children: a daughter, born in August 2009; and a son, born in July 2012. A third child had been stillborn during the marriage. Plaintiff filed for divorce in May 2017.

The matter was tried before Judge Thomas J. Walsh on June 4, 2018. Both parties testified at trial; plaintiff was represented by counsel and defendant represented herself. The following day, on June 5, 2018, Judge Walsh made his findings of fact and conclusions of law, which he placed on the record.

Judge Walsh initially noted that the parties had presented limited evidence and, thus, he made his findings based on their testimony and the three exhibits they had submitted into evidence. Judge Walsh also noted that he did not address certain issues, such as future college expenses, because the parties failed to testify about and present evidence concerning those issues.

Plaintiff sought to annul the marriage, contending that defendant had committed fraud by not disclosing that she had come to the country using a false passport. Judge Walsh found that defendant had testified credibly that plaintiff

2

knew both before and during the marriage that she had come into the country using a false passport. The judge then found that there were no grounds for an annulment because plaintiff knew of defendant's immigration status before and during the marriage, when the parties worked together to "correct the immigration status." Instead, Judge Walsh found that there were grounds for a divorce based on irreconcilable differences. N.J.S.A. 2A:34-2(i). He therefore granted a divorce on that basis.

The judge then addressed and made findings concerning custody, child support, alimony, and equitable distribution. With regard to custody, the judge reviewed the governing statute, N.J.S.A. 9:2-4, and made findings on the factors identified in the statute based on the best interests of the children. See N.J.S.A. 9:2-4a. The judge ruled that the parties will share joint legal and physical custody of the children, with defendant being the parent of primary residential custody and plaintiff the parent of alternate residential custody. Judge Walsh also established a schedule for each parent to spend time with the children, including vacation time.

Next, the judge addressed the related issue of the children's passports. In that regard, the parties were ordered to cooperate in obtaining passports for the children, defendant was to hold the passports when they were not being used,

and either parent was allowed to travel outside the country with the children during his or her vacation time.

Turning to child support, Judge Walsh found that plaintiff had an annual income of $95,000 and defendant had an annual income of $34,650. He then used the child support guidelines to calculate that plaintiff should pay defendant child support of $113 per week. In response to plaintiff's motion for reconsideration, the court later reduced the child support amount to $56 per week.

In addition, Judge Walsh addressed alimony. He considered the factors under the governing statute, N.J.S.A. 2A:34-23(b), and the relevant case law. He ordered plaintiff to pay defendant limited duration alimony of $325 per week for seven years. He also ordered that each party was to maintain life insurance to cover their alimony and child support obligations. Specifically, defendant was to maintain $100,000 in life insurance until the children were emancipated and plaintiff was to maintain $300,000 in life insurance until his alimony obligation was completed, thereafter plaintiff was to maintain $100,000 in life insurance until the children were emancipated.

Finally, Judge Walsh addressed equitable distribution. After reviewing the applicable statute, N.J.S.A. 2A:34-23.1, the judge found that there were two

A-0061-18T1

assets at issue: (1) plaintiff's pension; and (2) the marital home. Addressing plaintiff's pension, the judge ruled that defendant was entitled to a fifty percent share of the pension during the time that the parties were married. The judge directed that a qualified domestic relations order was to be prepared and entered to effectuate the distribution of the pension.

Addressing the marital home, Judge Walsh ruled that plaintiff was entitled to sixty percent of the net equity and defendant was entitled to forty percent of the net equity. The judge made that ruling based on the amount of money that plaintiff had paid to maintain the marital home. The court also allowed plaintiff to purchase defendant's share of the home and set up a procedure to effectuate such a purchase, if plaintiff selected that option.

## II.

Plaintiff now appeals from the judgment of divorce and the August 10, 2018 order denying his motion for reconsideration. On appeal, plaintiff argues that the trial court erred by (1) denying his request for an annulment; (2) ordering him to pay alimony; (3) designating defendant the parent of primary residential custody; (4) requiring plaintiff to cooperate in obtaining passports for the children; (5) ordering him to maintain life insurance to cover his obligations; (6) awarding defendant a share of his pension; and (7) ordering the equity in the

5

marital home to be distributed. Defendant did not file any responding brief on this appeal.

Our review of the trial court's factual findings is limited. Elrom v. Elrom, 439 N.J. Super. 424, 433 (App. Div. 2015) (citing Cesare v. Cesare, 154 N.J. 394, 411 (1998)). "Generally, 'findings by the trial court are binding on appeal when supported by adequate, substantial, credible evidence.'" Ibid. (quoting Cesare, 154 N.J. at 411-12). "In matrimonial matters, this '[d]eference is especially appropriate when the evidence is largely testimonial and involves questions of credibility,'. . . ." Ibid. (alteration in original) (quoting Cesare, 154 N.J. at 412). Accordingly, we will not overturn an equitable distribution, child support, or alimony award unless there was a clear abuse of discretion, a failure to correctly apply governing legal principles, or the factual findings were not supported by the record. See Genovese v. Genovese, 392 N.J. Super. 215, 222-23 (App. Div. 2007) (recognizing that equitable distribution will be upheld unless the trial court "mistakenly exercised its broad authority to divide the parties' property") (citing Valentino v. Valentino, 309 N.J. Super. 334, 339 (App. Div. 1998)); see also Elrom, 439 N.J. Super. at 434, 438 (reviewing a trial court's imputation of income and child support determination for an abuse of

A-0061-18T1

discretion); <u>Robertson v. Robertson</u>, 381 N.J. Super. 199, 206 (App. Div. 2005) (reviewing a trial court's award of alimony for an abuse of discretion).

Applying that standard, we discern no basis to disturb any of the rulings plaintiff challenges on this appeal. In short, plaintiff disputes the factual findings made by Judge Walsh. He cites no material facts overlooked by Judge Walsh; nor does he cite any law supporting his contentions. The facts found by Judge Walsh were supported by substantial credible evidence. In making his legal conclusions, Judge Walsh applied the factual findings to the established law. Plaintiff established no grounds for an annulment. <u>See</u> N.J.S.A. 2A:34-1. Judge Walsh also correctly applied the law concerning custody, child support, alimony, and equitable distribution. <u>See</u> N.J.S.A. 9:2-4 to -4a; N.J.S.A. 2A:34-23(a) to (b); N.J.S.A. 2A:34-23.1. Accordingly, we affirm the judgment of divorce.

We also affirm the August 10, 2018 order denying defendant's motion for reconsideration. We review such an order under an abuse of discretion standard. <u>Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment</u>, 440 N.J. Super. 378, 382 (App. Div. 2015) (citing <u>Hous. Auth. of Morristown v. Little</u>, 135 N.J. 274, 283 (1994)). Here, we discern no such abuse.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0061-18T1