**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1973-19T1

LINDA L. FELTON,

    Plaintiff-Appellant,

v.

GARY M. FELTON,

    Defendant-Respondent.

_____

Submitted September 21, 2020 – Decided October 1, 2020

Before Judges Mayer and Susswein

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Ocean County, Docket No. FM-15-0758-16.

Richard R. Mazzei, attorney for appellant.

Respondent did not file a brief.

PER CURIAM

Plaintiff Linda L. Felton appeals from a December 6, 2019 order regarding her motion to enforce litigant's rights and a cross-motion by defendant Gary M. Felton to enforce litigant's rights. We affirm.

The parties are familiar with the facts as set forth in our decision in Felton v. Felton, No. A-4433-17 (App. Div. Aug. 23, 2019) (Felton I). Slip op. at 1-2. In Felton I, we vacated and remanded an April 20, 2018 order "for recalculation of the amount to which plaintiff [was] entitled" based on defendant's military pension. Id. at 1. We concluded "the first step in the process was the calculation of defendant's retirement benefit using the military point system, and the second step was the application of the Marx [v. Marx, 265 N.J. Super. 418 (Ch. Div. 1993)] formula to that amount as agreed to by the parties in the [property settlement agreement (PSA)]." Id. at 6. We "vacated [the April 20, 2018 order] and the matter [was] remanded to the Family Part for further proceedings . . . ." Ibid. Nothing in Felton I instructed the judge on remand to apply the percentages as sought by plaintiff for distribution of defendant's military pension because that determination was left to the judge.

On September 30, 2019, the Family Part judge ordered defendant's pension be divided in accordance with Felton I and set a new return date for plaintiff's application for attorney's fees. Just ten days later, plaintiff filed a

motion seeking the following relief: placing defendant in custody due to his continued contempt of court for failure to pay counsel fees in accordance with a December 8, 2017 order and an April 20, 2018 order; requiring defendant reimburse plaintiff in the amount of $5,772, representing the difference between thirty-five percent of his pension and forty-two and one-half percent of his pension from the date of the PSA to the present; compelling defendant to pay $156 per month, representing the difference between thirty-five percent of his pension and forty-two and one-half percent of his pension until plaintiff is paid directly by the military; counsel fees in the amount of $3,230 for plaintiff's prior motion denied without prejudice on April 20, 2018; and counsel fees associated with plaintiff's appeal and additional legal services incurred by plaintiff through November 1, 2019.

In response, defendant filed a cross-motion seeking the following relief: denying plaintiff's motion in its entirety; determining any credits due upon completion of the amended Court Order Approved for Processing (COAP); crediting to defendant any overpayment under the COAP to be applied to any arrears; and awarding counsel fees and costs.

The Family Part judge heard the arguments of counsel on December 6, 2019 and placed her statement of reasons regarding the motion and cross-motion

3

on the record on the same date. The judge denied holding defendant in custody for failure to pay counsel fees in accordance with prior court orders. She explained such relief required her to hold a separate hearing on defendant's ability to pay before defendant could be incarcerated for non-payment. Based on the representation of defense counsel at oral argument, the judge ordered outstanding counsel fees awarded to plaintiff be paid within fourteen days. In the event defendant failed to make the required payment, the judge would "consider the imposition of sanctions."

Regarding the pension distribution, the judge explained:

> I think it's clear what the percentages are, but my reluctance to order a specific dollar amount is because I'm not sure that [c]ounsel or the [c]ourt is going to get the math right. I think the more prudent course is Pension Appraisers is going to figure out to the penny what the amounts are that are owed and what credits are due to whomever and at that point payments will be maid retroactively, credits, however it is they figure it, but my reluctance in ordering a specific sum of money to make up the difference is because I think that may muck it up worse and I'd rather not do that.

In ruling on plaintiff's application for counsel fees, the judge stated:

> [w]e all know the background of this case. There was a motion and cross-motion because there was an issue as to what the interpretation was of the division of the pension. I do not see that issue as being a party in default. If you look up the definition of default, it's the failure to do something that you're obligated to do and

A-1973-19T1

> the failure to sign the COAP or [Qualified Domestic Relations Order] to me doesn't constitute a default.

The judge concluded there "was a legitimate dispute . . . [so] the default provision in the PSA doesn't apply."

On appeal, plaintiff argues the judge erred in failing "to proceed consistent with [Felton I]," which included denying her request for counsel fees. She also contends the judge should have scheduled a contempt hearing on defendant's non-payment of previously ordered counsel fees. In addition, plaintiff claims the judge erred in granting defendant's motion for a credit. We disagree.

A motion to enforce litigant's rights is the appropriate vehicle to enforce a court's prior order. Abbott ex rel. Abbott v. Burke, 206 N.J. 332, 359 (2011). "The scope of relief in a motion in aid of litigants' rights is limited to remediation of the violation of a court order." Id. at 371.

We review a trial judge's enforcement of litigant's rights pursuant to Rule 1:10–3 under an abuse of discretion standard. See Barr v. Barr, 418 N.J. Super. 18, 46 (App. Div. 2011). An abuse of discretion "arises when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso–Sanchez v. Immigr. & Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)).

Our review of equitable distribution determinations is narrow. Valentino v. Valentino, 309 N.J. Super. 334, 339 (App. Div. 1998). We decide only whether the trial court "mistakenly exercised its broad authority to divide the parties' property and whether the result was 'reached by the trial judge on the evidence, or whether it is clearly unfair or unjustly distorted by a misconception of law or findings of fact that are contrary to the evidence.'" Id. at 339 (quoting Wadlow v. Wadlow, 200 N.J. Super. 372, 382 (App. Div. 1985)). "A sharp departure from reasonableness must be demonstrated before our intercession can be expected." Wadlow, 200 N.J. Super. at 382 (quoting Perkins v. Perkins, 159 N.J. Super. 243, 248 (App. Div. 1978)).

A decision regarding an award "of counsel fees is discretionary, and will not be reversed except upon a showing of an abuse of discretion." Barr, 418 N.J. Super. at 46 (citing Packard-Bamberger & Co. v. Collier, 167 N.J. 427, 444 (2001)). "[F]ee determinations by trial courts will be disturbed only on the rarest of occasions, and then only because of a clear abuse of discretion." Packard–Bamberger & Co., 167 N.J. at 444 (quoting Rendine v. Pantzer 141 N.J. 292, 317 (1995)).

Contrary to plaintiff's arguments, the judge proceeded consistent with our decision in Felton I. The parties previously agreed to use an experienced pension appraisal firm to calculate the amount of defendant's pension to be paid to plaintiff

A-1973-19T1

and any credits or offsets that might be due to either party. In exercising her discretion, and seeking to avoid another mathematical miscalculation, the judge determined she would await an amended COAP from the parties. An amended COAP prepared by the mutually retained appraisal expert should accurately reflect the parties' PSA. In the event the parties are unable to agree upon the form of the amended COAP, the objecting party should advise the judge. The judge would be required to resolve any disputes prior to signing the amended COAP. We discern no abuse of discretion in the judge's decision to await an amended COAP prepared by the pension appraisal expert consistent with Felton I.

Further, we are satisfied the judge did not abuse her discretion in denying plaintiff's requested counsel fees. The judge determined the parties had a legitimate dispute regarding the manner for calculating defendant's military pension and were unable to agree on the COAP language. She held the failure to prepare the COAP in the form requested by plaintiff was not an event of default triggering the obligation to pay counsel fees under the PSA. While defendant's method for the pension calculation was deemed incorrect in Felton I, our reversal does not establish the parties' dispute regarding the pension calculation was frivolous or meritless to justify an award of fees under the PSA.

A-1973-19T1

Nor did the judge err in denying plaintiff's application to place defendant in custody for failing to pay prior court ordered attorney's fees. The judge properly determined such relief required a contempt hearing separate from the motion hearing. See R. 1:10-3; see also Schochet v. Schochet, 435 N.J. Super. 542, 549-50 (App. Div. 2014) (requiring an ability-to-pay hearing prior to incarceration for disobedience of a prior court order).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1973-19T1